UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HAYNES,  　　　　　　　　　Case No. 20-13394

　　　　　Plaintiff,　　　　　　　　　　　Stephanie Dawkins Davis
v.　　　　　　　　　　　　　　　　　　United States District Judge

UNITED STATES OF AMERICA,

　　　　　Defendant.
_____/

**AMENDED OPINION AND ORDER
SUMMARILY DISMISSING PLAINTIFF'S
MOTION FOR COMPASSIONATE RELEASE [ECF NO. 1]**

**I.　INTRODUCTION**

Anthony Haynes, incarcerated at the Gilmer Federal Correctional Institution in Glenville, West Virginia, filed a motion for compassionate release. The motion is **DISMISSED WITHOUT PREJUDICE** because this court is the improper venue to hear the motion and because it is duplicative of Plaintiff's motion for compassionate release before the sentencing judge in the Northern District of Ohio.

**II.　BACKGROUND**

Haynes and his co-defendant were convicted in the United States District Court for the Northern District of Ohio of sex trafficking and sexual exploitation of a minor child that occurred in the Northern District of Ohio and elsewhere. *See United States v. Haynes*, No. 3:17-cr-00158 (N.D. Ohio) (ECF No. 26). The trial

1

court sentenced Haynes to life in prison, and the Sixth Circuit affirmed his conviction on appeal. *United States v. Jenkins*, 821 F. App'x 504, 506–09 (6th Cir. 2020). Haynes filed a motion for compassionate release on October 30, 2020 in the United States District Court for the Northern District of Ohio due to the ongoing COVID-19 pandemic. *See United States v. Haynes*, No. 3:17-cr-00158 (N.D. Ohio) (ECF No. 262). While his motion was still pending in the Northern District of Ohio, Haynes filed the present motion for compassionate release with this court on December 10, 2020, seeking release from federal prison due to the ongoing COVID-19 Pandemic. (ECF No. 1). On January 28, 2021, the sentencing judge[1] in the Northern District of Ohio denied Haynes' motion for compassionate release. For the reasons discussed below, the court **DISMISSES** Haynes' motion.

## III. DISCUSSION

Generally, venue is proper in a judicial district where a defendant resides, or in a judicial district "in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391. The sentencing court is the proper venue for a motion for compassionate release. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (noting that inmates must submit their requests for

---

[1] Haynes' sentencing judge in the Northern District of Ohio was the Honorable Bernard Friedman, a United States district judge in the Eastern District of Michigan who sat by designation in the Northern District of Ohio to preside over Haynes' case. *United States v. Haynes*, No. 3:17-cr-00158 (N.D. Ohio) (ECF No. 133).

2

compassionate release to the sentencing court); *Heard v. Quintana*, 184 F. Supp. 3d 515, 521 (E.D. Ky. 2016) (stating that a motion for compassionate release "must be undertaken in the court where the prisoner was sentenced."). This court is thus an improper venue for Haynes' motion for compassionate release because Haynes was not convicted or sentenced in this court. *Harris v. Bureau of Prisons*, No. 2:20-cv-00159, 2020 WL 4432245, at *1 (E.D. Ark. July 31, 2020) (stating that "[t]he proper venue for a motion for compassionate release is the sentencing court."); *see also Salvi v. Hendrix*, No. 2:20-cv-00016, 2021 WL 1096398, at *2 (E.D. Ark. Feb. 8, 2021) (noting that venue was not proper before the court because "compassionate release issues must be brought before the sentencing court."). If a petitioner brings a case in the wrong district, the district court may dismiss the case or transfer it to any district where the case could have been brought. 28 U.S.C. § 1406(a).

Haynes was convicted and sentenced in the United States District Court for the Northern District of Ohio. Haynes, in fact, first filed a motion for compassionate release with the sentencing court, which the sentencing court denied. *See United States v. Haynes*, No. 3:17-cr-00158 (N.D. Ohio) (ECF No. 274) (Friedman, J.). Haynes filed the present motion for compassionate release on December 10, 2020—while his first motion for compassionate was still pending before the sentencing judge. Since Haynes already filed a motion before the

sentencing judge, instead of transferring the motion, this court will dismiss the present motion as brought in the wrong venue and duplicative of Haynes' motion for compassionate release in the Northern District of Ohio where venue is proper.[2] *See Self v. Spaulding*, No. 20-10813, 2020 WL 8996668, at *1–2 (D. Mass. May 29, 2020) (dismissing motion for compassionate release without prejudice where the petitioner was going to re-file his motion "in the appropriate venue" with the sentencing court).

## IV. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the motion for compassionate release [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: April 13, 2021

> s/Stephanie Dawkins Davis
> Stephanie Dawkins Davis
> United States District Judge

---

[2] The sentencing judge's denial of Haynes's motion also would appear to render the instant motion moot.